NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY SCHROEDER,

        Plaintiff - Appellee,

  v.

AMAZON.COM SERVICES LLC, a
limited liability company,

        Defendant - Appellant,

and

VEDANT DOMKONDEKAR, an
individual,

        Defendant.

No. 25-5631

D.C. No.
3:24-cv-02067-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 3, 2026
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.

Timothy Schroeder commenced this civil action in Oregon state court,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asserting state law claims for relief against his employer, Amazon.com Services LLC (Amazon), and his former manager, Vedant Domkondekar. Because Schroeder and Domkondekar are both citizens of Oregon, Amazon initially could not remove the case from state to federal court. But the state court mistakenly dismissed Domkondekar, and Amazon removed the case to federal district court during the brief time before the state court took action to reinstate Domkondekar in the case. The district court then granted Schroeder's motion to remand the case to state court. Amazon appeals the district court's remand order, arguing that the district court exceeded the scope of its remand authority under 28 U.S.C. § 1447(c). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"[W]e review de novo a district court's decision to remand a removed case." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024) (citing *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 938 (9th Cir. 2006)). However, 28 U.S.C. § 1447(d) limits our review to the question of "whether the district court exceeded the scope of its [28 U.S.C.] § 1447(c) authority by issuing the remand order." *Id.* (citing *Lively*, 456 F.3d at 938).

Under 28 U.S.C. § 1447(c), a district court has authority to remand an action to the state court from which it was removed for either (1) "lack of subject matter jurisdiction" or (2) any other defect. A challenge to removal based on the district court's lack of subject matter jurisdiction may be raised "at any time before final

judgment." 28 U.S.C. § 1447(c). But a challenge based on a non-jurisdictional defect has a use-it-or-lose-it nature: "[a] motion to remand the case on th[is] basis . . . must be made within 30 days after the filing of the notice of removal." *Id.*; *see also Lively*, 456 F.3d at 942 (describing non-jurisdictional removal defects as "waivable"). Accordingly, a district court exceeds its authority by remanding for an alleged non-jurisdictional defect that a party failed to assert before the 30-day window closed. *Lively*, 456 F.3d at 942. In assessing whether a party timely raised a non-jurisdictional defect, "the critical date is not when a motion to remand is filed, but when a moving party asserts a [non-jurisdictional] defect as a basis for remand." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co*, 69 F.3d 1034, 1038 (9th Cir. 1995).

Here, the district court granted Schroeder's motion to remand based on a non-jurisdictional removal defect—that the removal to federal court violated the "voluntary-involuntary" doctrine. This doctrine "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). It protects a plaintiff's "power . . . to determine the removability of his case," by ensuring that "whether such a case non-removable when commenced shall afterwards become removable depends . . . solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it

3                                                                                          25-5631

progresses towards a conclusion." *Id.* at 659.

Amazon contends that the district court, in remanding the case, exceeded its authority because Schroeder asserted his voluntary-involuntary doctrine argument after the 30-day period had expired. Amazon does not contest that Schroeder timely filed his remand motion. But Amazon argues that Schroeder failed to raise his voluntary-involuntary doctrine argument until he filed his reply brief in support of his remand motion, which came 59 days after removal.

We disagree. Schroeder effectively asserted his voluntary-involuntary doctrine argument in his timely motion to remand. The central premise of his motion was that Domkondekar's dismissal, which rendered the case removable, resulted not from his own voluntary act but from a "clerical mistake" by the state court that he acted quickly to correct and "in fact, corrected within one day of the dismissal." Although his motion to remand did not formally use the phrase "voluntary-involuntary doctrine," it functionally argued that the suit should remain in state court because he took no voluntary act to cause "a change that render[ed] the case removable." *See id.* at 657. And Amazon, in its responsive filing in the district court to Schroeder's motion to remand, defended removal on the explicit ground that Schroeder's "deliberate decision" brought about Domkondekar's dismissal. Defendant Amazon's Opposition to Plaintiff's Motion to Remand at 1, *Schroeder v. Amazon.com Servs. LLC*, No. 24-cv-02067 (D. Or. Jan. 27, 2025),

Dkt. No. 11. The voluntary-involuntary doctrine is judge-made, and invoking it requires no magic words. Schroeder's timely remand motion adequately invoked it here. As a result, the district court, in granting Schroeder's remand motion, acted within its authority under 28 U.S.C. § 1447(c).

The district court's remand of this action to the state court is **AFFIRMED.**

25-5631